UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEN COOPER,<br><br>        Plaintiff,<br><br>    v.<br><br>KATHLEEN ALLISON, et al.,<br><br>        Defendants. | Case No. 20-09415 BLF (PR)<br><br>**ORDER STRIKING NON-COGNIZABLE CLAIMS; OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK** |

Plaintiff filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against the officials and employees at San Quentin State Prison ("SQSP") where he is currently incarcerated, officials of the California Department of Corrections and Rehabilitation ("CDCR"), and officials at another prison. Dkt. No. 4. The Court screened the amended complaint and granted leave to amend to correct various deficiencies. Dkt. No. 14. Plaintiff was also advised that in the alternative, he may file notice that he wishes to proceed solely on the Eighth Amendment claim, and strike all other claims from the action. *Id.* at 9. Plaintiff has filed notice that he wishes to pursue this latter course of action. Dkt. No. 15. Accordingly, the Court will order service on Defendants on the cognizable claim and strike all other claims from the amended complaint.

///

# DISCUSSION

## A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

## B. Plaintiff's Claims

In an initial screening order, the Court found the amended complaint set forth the following cognizable claim:

> Based on the remaining allegations, the amended complaint states an Eighth Amendment deliberate indifference claim against unsafe conditions at SQSP. *See Farmer v. Brennan*, 511 U.S. 825, 832, 834 (1994). This claim shall proceed against the named individuals who were involved in the decision to transfer CIM based on the following allegations: (1) inmates who were already exposed to COVID-19 were not tested prior to their transfer out of CIM; (2) these potentially infected inmates were transported to SQSP in conditions that did not comply with recommended social distancing protocols, increasing the likelihood of further spread; (3) CIM inmates were exposed to the SQSP population without additional safety protocols in place; and (4) the failure by SQSP to properly quarantine infected inmates during the outbreak resulted in Plaintiff contracting COVID-19 and suffering its ill effects within one month after the transfer.

Dkt. No. 14 at 8.

Based on Plaintiff's election, this action will proceed on the Eighth Amendment

2

claim. All other claims shall be stricken from the complaint.

## CONCLUSION

For the reasons state above, the Court orders as follows:

1. This action shall proceed on the Eighth Amendment claim for deliberate indifference against unsafe conditions at SQSP due to COVID-19. All other claims are stricken from the complaint.

2. The following defendants at the CDCR, SQSP, and CIM shall be served:

   a. **Kathleen Allison, Director of the CDCR**
   b. **Ralph Diaz, Secretary of the CDCR**
   c. **Ron Davis, Associate Director of Reception Centers for the CDCR**
   d. **R. Steven Tharratt, Director of Medical Services for the CDCR**
   e. **Dr. Joseph Bick, Director of CCHCS for the CDCR**
   f. **Clark Kelso, Federal Receiver**
   g. **Ron Broomfield, Acting Warden of SQSP**
   h. **Dr. A. Pachynski, Chief Medical Officer at SQSP**
   i. **Clarence Cryer, Healthcare Chief Executive Director at SQSP**
   j. **Dr. L. Escobell, Chief Medical Officer at CIM**
   k. **Dean Borders, Warden of CIM**

Service on the listed defendant(s) shall proceed under the California Department of Corrections and Rehabilitation's (CDCR) e-service program for civil rights cases from prisoners in CDCR custody. In accordance with the program, the clerk is directed to serve on CDCR via email the following documents: the operative complaint, and any attachments thereto, Dkt. No. 9, a copy of the court's "Order of Partial Dismissal and Dismissal with Leave to Amend, Dkt. No. 14, this order of service, a CDCR Report of E-Service Waiver form and a summons. The clerk also shall serve a copy of this order on the plaintiff.

3

No later than 40 days after service of this order via email on CDCR, CDCR shall provide the court a completed CDCR Report of E-Service Waiver advising the court which defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service (USMS) and which defendant(s) decline to waive service or could not be reached. CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the court a waiver of service of process for the defendant(s) who are waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the clerk shall prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-205 Form. The clerk shall provide to the USMS the completed USM-205 forms and copies of this order, the summons and the operative complaint for service upon each defendant who has not waived service. The clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

3. No later than **ninety-one (91) days** from the date this order is filed, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the complaint found to be cognizable above.

a. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

b. **In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). *See Woods v. Carey*, 684 F.3d 934, 940 (9th Cir. 2012).**

4

4.	Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial.  *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); *Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

5.	Defendants shall file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

6.	The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

7.	All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

8.	Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

9.	It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

10.	Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

5

**IT IS SO ORDERED.**

Dated: __June 14, 2021_____

BETH LABSON FREEMAN
United States District Judge

Order of Service
PRO-SE\BLF\CR.20\09415Cooper_svc